**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MANUEL ARRIOLA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-228-DB** |
| | § | |
| **MARC JONES CONSTRUCTION,** | § | |
| **LLC D/B/A SUNPRO SOLAR,** | § | |
| **et al.,** | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiff Manuel Arriola's ("Mr. Arriola") "[ ]

Opposed Motion to Remand" ("Motion") filed in the above-captioned case on August 1, 2022.

ECF No. 5.  Defendant Marc Jones Construction, LLC ("Marc Jones Construction") filed a

Response on August 15, 2022.  ECF No. 9.  Mr. Arriola did not file a Reply in the seven days that

followed—the time allowed to submit a Reply per the Local Rules for the Western District of

Texas.  Local Rule CV-7(E)(2).  After due consideration, the Court will grant Mr. Arriola's

Motion to Remand and will remand the entire case to state court.

## BACKGROUND

This case stems from injuries Mr. Arriola sustained while he was lifting solar

panels onto a rooftop at work.  Orig. Pet. ¶ 6, ECF No. 1-1.  Those injuries left Mr. Arriola

disabled, and unable to work.  *Id.* at. ¶ 8.  Mr. Arriola was placed on medical leave and he sought

benefits under the Texas Workers Compensation Act.  *Id.* at. ¶ 7–8.  About two months later, Mr.

Arriola was notified that he had been fired.  *Id.* at ¶ 9.

On May 19, 2022, Mr. Arriola filed his Original Petition in the 327th District

Court of El Paso County, Texas.  Notice of Removal ¶ 1, ECF No. 1.  In his Original Petition,

Mr. Arriola asserted two claims: (1) that Marc Jones Construction retaliated against him for asserting a workers' compensation claim in violation of Tex. Lab. Code § 451 and (2) that Marc Jones Construction discriminated against him due to his disability in violation of Chapter 21 of the Texas Labor Code. Orig. Pet. ¶ 11–12, ECF No. 1-1.

On June 30, 2022, Marc Jones Construction removed the case based on this Court's diversity jurisdiction under 28 U.S.C. §§ 1441 and 1332. Notice of Removal ¶¶ 3–7, ECF No. 1. A month later, Mr. Arriola filed a timely Motion to Remand arguing that Court must remand the case because "one of [his] claims arises under the workers' compensation law, and cases arising under the workers' compensation law are nonremovable. 28 U.S.C. § 1445." Mot. ¶ 6, ECF No. 5. Marc Jones Construction concedes that Mr. Arriola's workplace retaliation claim is not removable per 28 U.S.C. § 1445, which makes nonremovable any "civil action in any State court arising under the workmen's compensation laws of such State," and it agrees that the Court should remand this claim. Resp. 2, ECF No. 9; 28 U.S.C. § 1445. However, Marc Jones Construction argues that the Court maintains subject matter jurisdiction over Mr. Arriola's workplace discrimination claim, and that it should keep that claim in federal court. *Id.*

The issue before the Court is whether § 1445 deprives this Court of jurisdiction over an otherwise removable state-law discrimination claim. The Court finds that it does. As a result, it will grant Mr. Arriola's Motion and remand the entire case to state court.

## LEGAL STANDARD

Defendants may remove a case from state to federal district court when a complaint filed in state court could have been properly filed in federal court under the federal court's original jurisdiction. 28 U.S.C. § 1441(a). A federal court has original diversity jurisdiction over

a case when the amount in controversy is greater than $75,000 and there is complete diversity among the parties, such that no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Removal raises significant federalism concerns. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998). Thus, Courts should construe removal jurisdiction narrowly and "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.*; *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted).

## ANALYSIS

If a case cannot be removed, it must be remanded. The text of § 1441, which governs the removal of cases, suggests that cases must be removed in their entirety. Recent opinions issued by district courts in Texas hold that unless Congress provides an exception, cases must also be remanded in their entirety. After examining the language of the removal statute and the policy reasons for these decisions, the Court ultimately concludes that Mr. Arriola's case must be remanded in its entirety.

1. **The Language of the Removal Statute Suggests That When Any Portion of a Case is Nonremovable, the Entire Case is Nonremovable.**

The Court begins by examining the text of the statute that allows for the removal of a case from state court to federal court:

> "Except as otherwise expressly provided by Act of Congress, any *civil action* brought in a State Court . . . may be removed by the defendant or the defendants, to the district court of the United States . . . ."

28 U.S.C. § 1441(a) (emphasis added).

3

The term "civil action" generally refers to an entire case. *Escobedo v. Time Warner Entm't Advance Newhouse P'ship*, 811 F.Supp.2d 1289, 1292 (W.D. Tex. 2011). The notes accompanying various revisions to § 1441 support this proposition. As explained in those notes, the 1948 revision substituted the phrase "civil action" for previously used phrases like "in suits of a civil nature, at law or in equity," and the words case, cause, and suit. 28 U.S.C.A. § 1441 (West) (1948 Revision Notes). All of these words are used to refer to a case in its entirety, rather than to the distinct claims within a case.

The case for interpreting "civil action" as referring to the entire case is strengthened by the language used within § 1441. For example § 1441(c)(1)(A), which relates to cases where the Court has federal question jurisdiction, clearly distinguishes between an individual "claim" and an entire "civil action." It reads: "If a civil action includes a claim arising under the Constitution, laws, or treaties of the United States . . . and . . . a claim that has been made nonremovable by state, the entire action may be removed . . . ." This language shows that a civil action is made up of the claim or claims within it.

Federal district courts in Texas have recently analyzed the question of remanding a civil action that includes a claim made nonremovable by § 1445. They have found that "when 'any civil action' in § 1441(a) is construed to encompass the entire case and a claim is not removable under § 1441(a), the entire civil action must be remanded—even if there are other claims within the district court's original jurisdiction." *Carey v. Bank of America*, 904 F.Supp.2d 617, 620 (N.D. Tex. 2012) (citing *Wilson v. Lowe's Home Ctr., Inc.*, 401 F.Supp.2d 186, 192 (D.Conn.2005); *See also Jackson v. Wal-Mart Stores Texas, LLC*, 925 F.Supp.2d 810, 813 (N.D. Tex. 2013).

4

Marc Jones Construction cites a string of cases to argue that the Court should reach the opposite conclusion. Resp. 2–3, ECF No. 9. However, the majority of those cases are not analogous to this one because they involve instances where the Court had federal question jurisdiction, not diversity jurisdiction. For claims allowing Courts to exercise federal question jurisdiction, the statute expressly allows nonremovable claims to be severed and remanded and allows federal courts to keep the remaining claims. 28 U.S.C. § 1441(c)(2). The statute includes no such provision for cases where the Court exercises diversity jurisdiction over an action.

Marc Jones Construction does cite a few cases implicating diversity jurisdiction where federal courts retained some of the claims while remanding the nonremovable claims. *See Salazar v. Indem. Ins. Co. of N. Am.*, No. EP-10-CV-370 PRM, 2010 WL 11566257, at *3 (W.D. Tex. Dec 6, 2010, report and recommendation adopted, No. EP-10-CV-370-PRM, 2011 WL 13234891 (W.D. Tex. Jan. 3, 2011); *Climer v. Twin City Fire Ins. Co.*, 2004 WL 1531796 at *5 (N.D. Tex. Jul. 8, 2004); *Smith v. Fujicolor Processing, Inc.*, No. 02-CV-1218, 2002 WL 1798918, at *2 (N.D. Tex. Aug 2, 2002). However, these cases either involve breach of good faith and fair dealing claims, which the Fifth Circuit has decidedly declared do not arise under worker's compensation laws and can be kept in federal court, or are almost twenty years old.

After interpreting the language of the removal statute, the Court concludes that only entire civil actions are removable, and thus only entire civil actions may be remanded unless Congress has provided an exception (as it has for federal question actions). Now that the Court has analyzed the language of the statute, the Court examines the policy reasons for remanding the entire case back to state court.

**2. The Entire Civil Action Should be Remanded to Promote Efficiency and to Keep State Law Claims Together in State Court.**

From a policy perspective, remanding the entire case to state court is preferable for two reasons. First, remand will promote efficiency and preserve judicial resources. Both of Mr. Arriola's claims involve allegations of discrimination as an essential element: one focuses on discrimination due to the injury, and the other focuses on discrimination due to filing a worker's compensation claim as a result of the injury. These allegations will inevitably involve similar, if not the same, facts. Thus, it makes sense for efficiency purposes for one court to analyze the claims together. Second, this case involves only issues of state law. State court is generally the preferred forum for issues involving state law. *Purser v. Coralli*, No. 3:11-CV-03295-L, 2012 WL 5875600, at *6 (N.D. Tex. Nov. 21, 2012).

## CONCLUSION

Recent decisions by federal district courts in Texas have held that except when Congress says otherwise, a civil action that includes claims made nonremovable by § 1445 should be remanded to state court in its entirety. After examining the language of. § 1441(a), the Court agrees. Furthermore, the Court finds that remanding the entire action will promote efficiency and sensible institutional choice by keeping state law claims in state court. Therefore, the Court is of the opinion that the Motion should be granted and the following orders entered.

**IT IS HEREBY ORDERED** that Plaintiff Manuel Arriola's "[ ] Opposed Motion to Remand," ECF No. 5, is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk remand the entire case to the state

court.

SIGNED this ___7___ day of **September 2022**.

_____

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

7